J-A05022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMON JOHNSON | : | |
| | : | |
| Appellant | : | No. 2963 EDA 2022 |

Appeal from the PCRA Order Entered October 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003364-2016

BEFORE:  DUBOW, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:                          **FILED JULY 15, 2024**

Appellant, Damon Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 24, 2017, following a bench trial, the court convicted Appellant of resisting arrest at docket No. 3364-2016.[1]  On August 11, 2017, the trial court sentenced Appellant to 1-2 years' incarceration for resisting arrest, which was

_____

[1] The court also found Appellant guilty at docket No. 10937-2016 of carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, persons not to possess a firearm, simple assault, recklessly endangering another person, and criminal mischief.  At docket No. 13500-2009, the trial court determined that Appellant had violated his probation and imposed a term of 6-12 months' incarceration.

to run concurrent to the other sentences imposed at the other docket numbers. This Court affirmed Appellant's judgment of sentence on August 23, 2019, and our Supreme Court denied Appellant's petition for allowance of appeal on February 20, 2020. *See Commonwealth v. Johnson*, 221 A.3d 306 (Pa.Super. 2019) (unpublished memorandum), *appeal denied*, 657 Pa. 477, 226 A.3d 93 (2020).

Appellant filed a timely *pro se* PCRA petition related to all three underlying docket numbers on February 14, 2021, and he filed an amended counseled petition on September 4, 2021. Following several evidentiary hearings, the PCRA court entered an order on October 28, 2022, dismissing Appellant's petition. On November 27, 2022, Appellant timely filed the instant notice of appeal at docket No. 3364-2016.[2] On December 2, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant filed his concise statement on February 12, 2023.[3]

As a preliminary matter, we observe that a PCRA petitioner must be currently serving a sentence of imprisonment, probation, or parole for the

---

[2] Appellant's appeals from the dismissal of his petition at docket No. 10937-2016 and docket No. 13500-2009 are the subject of separate appeals before this Court.

[3] Although Appellant filed his concise statement in an untimely manner, because the PCRA court had the opportunity to address this matter, we decline to find waiver. *See Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa.Super. 2024).

conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa.Super. 2009), *appeal denied*, 610 Pa. 577, 17 A.3d 1253 (2011).

Instantly, the court sentenced Appellant on August 11, 2017, to 1-2 years of imprisonment at docket No. 3364-2016, with credit for time served. The court imposed this sentence concurrent to the other sentences imposed. The docket indicates that Appellant's maximum sentence at docket No. 3364-2016 expired on September 5, 2018.[4] Therefore, because Appellant's sentence has expired, he is not eligible for relief under the PCRA regarding his resisting arrest conviction. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Soto, supra**. Accordingly, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2024

---

[4] We note that even if Appellant had not been given credit for time served, the two-year maximum sentence would have expired in August 2019.